Alfonso de Cumpiano, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La Oficina de Etica Gubernamental (la Oficina de Etica) presentó recurso en solicitud de revisión de la resolución emitida por la Junta de Apelaciones de Personal de la Oficina de Etica Gubernamental (la Junta de Apelaciones) en el caso del Sr. Eduardo París. Mediante dicha resolución la Junta de Apelaciones dejó sin efecto la sanción de suspensión de empleo y sueldo por tres (3) días impuesta por la Oficina de Etica al señor París. En su lugar, la modificó para que las partes se reunieran, discutieran como mejorar los canales de comunicación y la aplicación de las normas disciplinarias y que se rindiera un informe al Director Ejecutivo de la Oficina de Etica (el Director Ejecutivo).
En el recurso, la agencia recurrente alega que la Junta de Apelaciones cometió los siguientes dos errores: primero, al resolver que los actos imputados y expresamente admitidos por el señor París no constituían indisciplina, ni justificaban la formulación de cargos por conducta impropia; segundo, al excusar el comportamiento del señor París, pretendiendo culpar a los supervisores por falla en las comunicaciones. Para sostener el primer señalamiento de error, la Oficina de Etica acompañó con el recurso una transcripción parcial del testimonio del señor París durante la vista administrativa ante la Junta de Apelaciones.
En su escrito en oposición el señor París plantea el incumplimiento de la recurrente con la Regla 67 del Reglamento de este Tribunal, que dispone el proceso a seguir cuando se apuntare error en la apreciación de la prueba oral o que alguna determinación de hechos no esté sostenida por la prueba, y sea necesario recurrir a la prueba oral. Alega que ante ese incumplimiento, debemos resolver el caso conforme al contenido de los autos, exceptuando la transcripción parcial no autorizada, ni requerida por este Tribunal. Argumenta que la resolución recurrida se ajusta a la prueba aquilatada por la Junta de Apelaciones, tanto en cuanto a los hechos que se le imputaron, como en cuanto a la falta de comunicación de su supervisor con él.
Tiene razón el recurrido en cuanto a que la inclusión de la transcripción parcial en el Apéndice del recurso no se ajusta estrictamente al proceso dispuesto por nuestro Reglamento en la Regla 67, supra. No obstante, es parte importante de nuestra función resolver los recursos sin que se dilaten innecesariamente los procesos, por lo que obviamos, en asuntos sujetos a nuestra discreción, entrar en polémicas que se alejen de esa función. Por *1051 tanto, en vista de la posición expuesta en los escritos de la recurrente de que las repetidas admisiones del señor París durante su testimonio son claramente suficientes para dejar establecida su conducta impropia y la sanción y de que las páginas incluidas son en su criterio las más importantes, hemos considerado la aludida transcripción parcial para fines de determinar si tiene el alcance que le adjudica la recurrente.
Analizadas las posiciones de las partes, los documentos sometidos y el derecho aplicable expedimos el recurso a los únicos efectos de eliminar de la resolución recurrida la modificación decretada por la Junta de Apelaciones ordenando una reunión, discusión e informe, y se deniega en cuanto a los demás extremos.
I
Conforme surge del expediente, la Oficina de Etica imputó al señor París, analista en el Area de Querellas, violación al Artículo 10,. sección 10.1.2 del Reglamento de Personal para los Empleados de Carrera de dicha agencia. En la comunicación que le envió el 10 de noviembre de 1998 el Director Ejecutivo, se describió y relató la conducta imputada como comportamiento irrespetuoso, hostil y desafiante, según los informes rendidos por el Director Auxiliar del Area de Querellas, Ledo. Luis Avilés y por el Director Auxiliar de Servicios Administrativos, Ledo. Ignacio Morales. Se le imputó esa conducta al señor París, en síntesis de lo expuesto en la formulación de cargos, en las siguientes ocasiones: cuando su supervisor, el licenciado Avilés le solicitó el status de un caso, y él se negó y le indicó que lo buscara en su taijetero; cuando le dijo al licenciado Raíces que no tenía necesidad de mantener relaciones cordiales con el licenciado Avilés; cuando irrumpió de manera amenazante e irrespetuosa en la oficina del licenciado Avilés para devolverle un documento que tenía en su puño con instrucciones del licenciado Avilés; cuando increpó de mala manera al licenciado Avilés en tomo a la expectativa de aumento de sueldo. Finalmente, se le notificó al señor París la intención de suspenderle de empleo y sueldo por tres (3) días y de su derecho a solicitar una vista informal antes de proceder con esa acción.
Celebrada la vista administrativa informal ante el Ledo. Amaldo López Rodríguez para escuchar la versión y explicación de los hechos del señor París, el licenciado López Rodríguez rindió un informe al Director Ejecutivo. En dicho informe opinó, en resumen, que el señor París no adujo razones meritorias demostrativas de la falsedad de los cargos, indicó que su réplica no le mereció credibilidad, que la conducta exhibida ameritaba el más enérgico repudio de la autoridad nominadora, que la medida disciplinaria propuesta era sumamente leniente y recomendó apercibirle que de no modificar su conducta e incurrir en el futuro en falta similar, sería despedido.
En consideración a ese informe, el Director Ejecutivo le impuso al señor Paris la suspensión de empleo y sueldo por tres días laborables, le instó a deponer la actitud descortés y desafiante hacia sus supervisores inmediatos y ajustarse a las normas de conducta, o se tomarían medidas más severas.
El señor París apeló esa decisión ante la Junta de Apelaciones, la que celebró vista, escuchó prueba testifical, evaluó prueba documental y emitió la resolución recurrida. En ésta, previa la formulación de determinaciones de hechos y conclusiones de derecho, dictaminó que era evidente que medió falta de comunicación entre las partes y que los actos cometidos por el señor París, aun cuando fueron admitidos por éste, no constituyen base suficiente para sostener los cargos formulados, ni configuran insubordinación. Señaló que antes de imponer una medida disciplinaria deben ponderarse diversos factores, agotarse otros recursos, realizarse una minuciosa evaluación de las circunstancias que enumeró, a menos que la infracción sea de tal gravedad que amerite la sanción en la primera ocurrencia. En virtud de su evaluación de los hechos y del derecho ordenó se dejara sin efecto la suspensión del empleado, se le restituyera el pago de los salarios devengados y se removiera de su expediente de personal todo documento referente a la acción de disciplina. Ordenó, en su lugar, que las partes celebraran una reunión de orientación con el propósito de discutir como *1052 mejorar los canales de comunicación y la aplicación de las normas disciplinarias y de rendir un informe al Director Ejecutivo.
Nos corresponde evaluar, bajo las normas que rigen nuestra función revisora, si la Junta de Apelaciones cometió los errores imputados.
II
Es principio reconocido que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal si se basan en evidencia sustancial que obre en el expediente administrativo y que las cuestiones de derecho serán revisables en toda su extensión. Sección 4. 5 de la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), 3 L.P.R.A. sec. 2175. El récord o expediente administrativo constituye la base exclusiva para la acción de la agencia en un procedimiento adjudicativo y para la revisión judicial ulterior. Sección 3.18 de la L.P.A.U., 3 L.P.R.A. sec. 2168.
Además, está firmemente establecido que las determinaciones administrativas serán sostenidas por el tribunal si no son arbitrarias, erróneas en derecho o contrarias a la prueba que obra en el expediente. Corresponde a la parte recurrente derrotar la presunción de corrección de las determinaciones de la agencia y demostrar que ésta incurrió en errores en las determinaciones de hechos o en el derecho que ameriten su revisión.
En virtud de lo antes expuesto, analizamos la resolución recurrida a la luz de la prueba que consideró la Junta de Apelaciones según nos la somete la recurrente para sustentar su posición, y conforme el derecho aplicable.
III
En cuanto al derecho aplicable a la controversia, la formulación de los cargos imputados al señor París se basó en violación al Artículo 10, sección 10.1.2 del Reglamento de Personal para los Empleados en el Servicio de Carrera de la Oficina de Etica (el Reglamento). Esta sección preceptúa como uno de los deberes y obligaciones de los empleados, lo siguiente:

“Observar normas de comportamiento correcto, cortés y respetuoso en sus relaciones con sus superiores, supervisados, compañeros de trabajo y ciudadanos, y mantener la imagen de la oficina en el más alto nivel. ”

Apéndice del recurso, pág. 27.
La Sección 10.3.0 del aludido Reglamento señala las medidas disciplinarias que se tomarán, cuando el desempeño o la conducta de un empleado no se ajuste a las normas establecidas, entre otras: lá amonestación verbal, las reprimendas escritas, las suspensiones de empleo y sueldo y las destituciones. Como conducta que acarrea acción correctiva o disciplinaria se enumeran las siguientes: aceptar regalos por labor realizada; utilizar posición para fines políticos partidistas; incurrir en conflictos de intereses; observar conducta incorrecta o lesiva al buen nombre de la Oficina o del Gobierno, incurrir en prevaricación, soborno; llegar tarde o ausentarse con frecuencia; demostrar falta de interés o negligencia en el trabajo; realizar engaño o fraude, y faltar a los deberes y obligaciones consignados en la sección 10.1.0.
Sobre la última conducta en cuanto a deberes y obligaciones, dispone el Reglamento en la sección 10.3.9 que se establecerán, mediante reglamentación interna, las reglas de conducta de los empleados en armonía con las disposiciones de la sección 10.3.0 y las sanciones disciplinarias aplicables. Apéndice del recurso, págs. 30-31. Estas medidas correctivas o disciplinarias quedan consignadas en el documento que específica la *1053 infracción, las medidas correctivas de amonestación escrita o verbal que puede imponer el supervisor y las medidas disciplinarias dé reprimenda escrita, suspensión de empleo y sueldo o destitución, a ser impuestas por el Director Ejecutivo. Apéndice del recurso, págs. 32-33.
La conducta específica que la Oficina de Etica imputó al señor París y que reitera en su recurso que es la aplicable en este caso, es la contemplada en la infracción 23, sobre insubordinación. Esta conlleva como sanción suspensión de empleo y sueldo o destitución. Aunque en el recurso acepta la recurrente que la conducta imputada caería también bajo la infracción 16 de “usar lenguaje irrespetuoso”, que permite la medida de amonestación escrita por la primera ofensa, y la suspensión y despido por conducta repetida, insiste en que se trata en este caso de insubordinación. Por tanto, argumenta que la sanción impuesta por el Director Ejecutivo sólo podía ser revocada por la Junta de Apelaciones si éste hubiese incurrido en algún error de derecho o hubiese violado algún derecho del señor París.
La Junta de Apelaciones está facultada por el Reglamento para investigar y revisar las determinaciones tomadas por el Director Ejecutivo en aquellos casos de empleados que consideren que sus derechos han sido afectados por dichas determinaciones. Si la Junta de Apelaciones determina que existen motivos fundados para considerar que el empleado ha sido afectado, celebrará vistas y emitirá su decisión. Artículo 17, sección 17.4.0 del Reglamento de Personal para Empleados del Servicio de Carrera de la Oficina de Etica Gubernamental, Núm. 5470 de 27 de septiembre de 1996.
Considerando todo lo anterior, hemos analizado en primer lugar la resolución recurrida emitida por la Junta de Apelaciones al ejercer sus facultades revisoras, en lo concerniente a la conducta de insubordinación imputada al señor París en los incidentes en que basó la Oficina de Etica la imposición de la sanción. Encontramos que las determinaciones de hechos que formuló la Junta sobre su conducta y los incidentes, encuentran base en el récord sometido por la recurrente sobre lo testificado ante la Junta de Apelaciones por el señor París. La Junta de Apelaciones no erró al resolver que las admisiones del señor París sobre su conducta en los aludidos incidentes no constituyen base suficiente para sostener los cargos en los términos de insubordinación formulados.
Conviene señalar que hay marcada discrepancia entre la evaluación de la conducta según surge de la resolución de la Junta de Apelaciones y la posición de la Oficina de Etica en sus escritos, esencialmente en la forma que en éstos se describe la conducta del señor París durante los incidentes. El récord ante nos sostiene lo expuesto en la resolución recurrida, mas no la argumentación de la Oficina de Etica sobre la gravedad de dicha conducta.
La Junta de Apelaciones tuvo oportunidad de aquilatar la prueba, escuchar los testimonios, evaluar las circunstancias relatadas. Entendió que era improcedente la sanción de una suspensión de empleo y sueldo por tres días por insubordinación, por no ajustarse dicha sanción a la conducta que quedó probada ante la Junta de Apelaciones. En ese sentido, su resolución se basa en que los derechos del empleado se vieron afectados, para lo que está facultada.
En definitiva, no tenemos base alguna en el récord para variar la determinación de la Junta de Apelaciones en cuanto a su orden de dejar sin efecto la sanción, remover del expediente la información sobre ésta y pagar los salarios dejados de devengar.
Por otra parte, la orden de reunión, discusión e informe dada a las partes no encuentra apoyo en las determinaciones de hechos, ni queda contemplado ese curso de acción en el Reglamento en los términos dispuestos por la Junta de Apelaciones. El hecho de que la Junta de Apelaciones haya encontrado base en la *1054 aquilatación de los testimonios para apreciar que había un problema de comunicación entre el supervisor y el empleado, y para hacer las sugerencias que entendiera procedentes, no es fundamento para sustituir la sanción por la orden emitida. Esa parte de la resolución no guarda relación con la naturaleza del proceso de apelación de la sanción que se llevó ante la Junta de Apelaciones, ni con las determinaciones de hechos, ni con las facultades que le confiere el Reglamento.
IV
En virtud de todo lo anterior, se expide el recurso a los únicos efectos de eliminar la orden de que las partes se reúnan, discutan y se rinda un informe al Director Ejecutivo, y se deniega en cuanto a los demás extremos relacionados con la revocación de la sanción.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General